IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MARSHA BEAVER,

                     Plaintiff,

       v.                                    CASE NO. 09-3108-SAC

WARDEN KOERNER, et al.,

                     Defendants.


**O R D E R**

This matter is before the court on a civil complaint filed pro se by a prisoner confined in the Topeka Correctional Facility (TCF)in Topeka, Kansas.  The three defendants named in the complaint are TCF Warden Koerner, TCF Unit Team Supervisor Alan Morgan, and TCF Unit Team Member Jerry McDaniels.  Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.  The court provisionally grants this motion subject to plaintiff's production of the certified financial record required under 28 U.S.C. § 1915(a)(2), the court's review of that financial information, and plaintiff's payment of any initial partial filing fee assessed by the court pursuant to 28 U.S.C. § 1915(b)(1).[1]

---

[1] Plaintiff is advised that to proceed in federal court, she must pay the full $350.00 filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee).  If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) after reviewing the certified financial record required under 28 U.S.C. § 1915(a)(2), and by periodic payments thereafter from plaintiff's inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Before proceeding to screening of the instant complaint, however, the court finds corrective action and clarification by plaintiff is necessary to address the following preliminary deficiencies.

First, plaintiff did not submit her complaint on court approved form. *See* D.Kan. Rule 9.1(a)(court approved form to be used by prisoner filing civil rights complaint under 42 U.S.C. § 1983). The court grants plaintiff an opportunity to correct this deficiency by filing an amended complaint on a court approved form.

Second, although plaintiff did not submit her motion for leave to proceed in forma pauperis on a court approved form, *see* D.Kan. Rule 9.1(g)(court approved form to be used by prisoner seeking leave to proceed in forma pauperis), the motion before the court substantially satisfies the requirements imposed by 28 U.S.C. § 1915(a)(1). Re-submission of the motion on a court approved form is thus not required. However, 28 U.S.C. § 1915(a)(2) requires plaintiff to also submit a certified copy of her institutional account for the six month period immediately preceding her filing of this action. Plaintiff has not provided this required documentation. The court grants her additional time to do so.

Third, plaintiff captioned her pro se complaint as a pleading for the "United States District Court of Shawnee County," and mailed it to the Shawnee County District Court for filing. That state district court forwarded the pleading to this court as a misdirected

2

pleading.  Under the circumstances, the court finds it appropriate to have plaintiff clarify whether she intended to initiate her civil rights action in the state or federal court.  If plaintiff intends to proceed in federal court, the caption on her amended complaint on a court approved form should read "The United States District Court for the District of Kansas," and should be mailed to the address for this court.[2]

Fourth, plaintiff submitted correspondence with an attached pleading captioned to the Shawnee District Court, which was likewise forwarded to this court.  This correspondence and attached pleading appears to be either a second complaint against Jerry McDaniels as a sole defendant, or an attempt to amend her previous complaint to add or supplement allegations against this defendant.  If a separate complaint is intended for filing in federal court, plaintiff must submit a separate complaint on a court approved form, an executed court approved form motion seeking leave to proceed in forma pauperis in the separate action, and a certified copy of the financial records required by 28 U.S.C. § 1915(a)(2).  If, instead, amendment or supplementation of the first complaint is intended, plaintiff can effect that when she files her amended complaint on a court approved form.

Plaintiff is advised that the failure to address and correct

---

[2]The address for this court is:
United States District Court, District of Kansas
444 S.E. Quincy
Topeka, Kansas 66683
Although this *federal* district court and a *state* district court (Shawnee County District Court) are both located in Topeka, Kansas, the two courts are distinct entities under separate jurisdictions.

these preliminary deficiencies in a timely manner may result in the complaint being dismissed without prejudice without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted subject to the court's review of the financial records required under 28 U.S.C. § 1915(a)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to submit the financial records required under 28 U.S.C. § 1915(a)(2), and to file an amended complaint on a court approved form if plaintiff intends to proceed in this matter in federal court.

The clerk's office is to provide plaintiff with two sets of court approved forms for filing under 42 U.S.C. § 1983 and 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 26th day of June 2009 at Topeka, Kansas.

  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge